CADES SCHUTTE
A Limited Liability Law Partnership

CALVERT G. CHIPCHASE   7757-0
AMANDA M. JONES        8854-0
MALLORY T. MARTIN      10211-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email: cchipchase@cades.com
       ajones@cades.com
       mmartin@cades.com

Attorneys for Defendants
THYSSENKRUPP ELEVATOR
CORPORATION and JOSHUA
JENSEN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| LEIF KJONEGAARD,<br><br>            Plaintiff,<br><br>      v.<br><br>THYSSENKRUPP ELEVATOR CORPORATION; JOSHUA JENSEN; JOHN DOES 1-50; JANE DOES 1-50; DOE CORPORATIONS 1-50; DOE NON-PROFIT CORPORATIONS 1-50; DOE PARTNERSHIPS 1-50; and DOE ENTITIES 1-50, | CIVIL NO. _____<br>(Other Civil Action)<br><br>**DEFENDANTS THYSSENKRUPP ELEVATOR CORPORATION AND JOSHUA JENSEN'S NOTICE OF REMOVAL; DECLARATION OF CALVERT G. CHIPCHASE; DECLARATION OF JOSHUA JENSEN; EXHIBIT 1; CERTIFICATE OF SERVICE** |

|  | No Trial Date Set |
|---|---|
| Defendants. | |

## DEFENDANTS THYSSENKRUPP ELEVATOR CORPORATION AND JOSHUA JENSEN'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants ThyssenKrupp Elevator Corporation ("**tKE**") and Joshua Jensen (collectively, "**Defendants**") give notice of removal of this action from the Circuit Court of the First Circuit, State of Hawaiʻi ("**Circuit Court**") to the United States District Court for the District of Hawaiʻi. Removal is proper because this action satisfies the jurisdictional requirements for removal set forth in 28 U.S.C. §§ 1332 and 1441. In support of its Notice of Removal, Defendants state:

1. **State Court Action**

Plaintiff Leif Kjonegaard ("**Plaintiff**") filed a complaint in Circuit Court against Defendants on August 28, 2020 ("**Complaint**"). *See* Exhibit 1 hereto.

2. **Receipt of Plaintiff's Complaint**

Plaintiff served Defendants, through their counsel, with a copy of Plaintiff's Complaint and summons on August 31, 2020. Declaration of Calvert G. Chipchase attached hereto ("**Chipchase Decl.**") ¶ 2.

### 3. Removal of the Circuit Court Action

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over any civil action in which complete diversity of citizenship exists between the plaintiff and defendant and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

As discussed further below, this action is removable because it meets all of the requirements under 28 U.S.C. §§ 1332 and 1441, venue is proper in the District of Hawai'i, and this Notice of Removal is timely filed.

### 4. Grounds for Removal

This Court has original jurisdiction under Section 1332(a) because there is complete diversity between the three named parties. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this

title, the citizenship of defendants sued under fictitious names shall be disregarded.").

Upon information and belief, Plaintiff is a resident of the City and County of Honolulu, State of Hawai'i. *See* Complaint (Ex. 1) at ¶¶ 11, 15. tKE is incorporated in Delaware, and its principal place of business is the State of Georgia. *See* Declaration of Joshua Jensen attached hereto ("**Jensen Decl.**") at ¶ 2. As noted in the Complaint, Defendant Joshua Jensen is a resident of the State of Washington. Complaint (Ex. 1) at ¶ 8; *see* Jensen Decl. at ¶ 3. Complete diversity therefore exists between the parties.

The amount in controversy also exceeds $75,000. Federal courts have defined "amount in controversy" to mean "any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)). This calculation includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.*; *see also Bell v. Preferred Life Assur. Soc. of Montgomery,*

*Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.").

In his Complaint, Plaintiff asserts two causes of action. First, Plaintiff alleges that he was wrongfully terminated in violation of public policy. Ex. 1 (Compl.) at ¶¶ 144-145. Second, Plaintiff asserts that his alleged termination violated the Hawai'i Whistleblowers' Protection Act. *Id.* at ¶¶ 140-142. Plaintiff asserts that he is entitled to special damages, general damages and punitive damages in amount to be proven at trial, as well as attorney's fees. Ex. 1 (Compl.), Prayer at ¶¶ 1-6.

Here, Plaintiff's alleged wage loss alone satisfies the amount in controversy requirement. *See Crum v. Circus Circus Enter.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (determining that when a complaint sufficiently alleges the jurisdictional amount in controversy, the

5

requirement is presumptively satisfied, unless it appears to a "legal certainty" that the plaintiff cannot recover that amount); *see also Hulihee v. Kaiser Found. Health Plan, Inc.*, No. CIV.08-00175HG-BMK, 2008 WL 4290939, at *2 (D. Haw. Sept. 19, 2008), report and recommendation adopted, No. CIV0800175HGBMK, 2008 WL 4601667 (D. Haw. Oct. 15, 2008) (holding that the jurisdictional requirement is satisfied because "reasonable inferences drawn based on [the employee's] salary at the time of her termination, her claim for wrongful termination alone, if successful, could result in recovery in excess of $75,000."). Specifically, Plaintiff alleges that he was terminated on August 29, 2019, and was earning $260,000.00 per year at the time of his termination. *See* Ex. 1 (Compl.) at ¶¶ 131, 136. Plaintiff further alleges that in the year since his employment was terminated, he "has been unable to secure other employment," which he blames on tKE. *Id.* at ¶ 137. Plaintiff's alleged wage loss from the time of his termination to the present satisfies the jurisdictional amount. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

### 5. Procedural Requirements for Removal

Defendants file this Notice of Removal pursuant to and in accordance with the requirements of 28 U.S.C. § 1446. No previous application has been made for the relief requested herein.

### 6. Venue

The United States District Court for the District of Hawai'i embraces the county in which the state court action is now pending, and thus, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

### 7. Timeliness of Notice of Removal

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because it is filed within 30 days after August 31, 2020, which is the date on which Defendants were served with a copy of the Complaint. *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal period does not end until 30 days after the defendant is formally served); Chipchase Decl. at ¶ 2.

### 8. State Court Pleadings

As 28 U.S.C. § 1446(a) requires, Defendants attach hereto as Exhibit 1 the Complaint for the removed action, including Plaintiff's

demand for jury and the summons. Exhibit 1 contains all process, pleadings and orders that have been received by Defendants.

### 9. Notice to Plaintiff

Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice to Plaintiff's counsel and shall file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court.

In filing this Notice of Removal, Defendants do not waive any defense, exception, right or motion. Defendants specifically reserve all defenses, exceptions, rights and motions. No statement or omission here shall be deemed to constitute an admission by Defendants of any of the allegations or damages sought in the Complaint, all of which Defendants vigorously denies.

WHEREFORE, Defendants remove this action from the Hawai'i Circuit Court of the First Circuit to the United States District Court for the District of Hawai'i.

DATED: Honolulu, Hawai'i, September 28, 2020.

>CADES SCHUTTE
>A Limited Liability Law Partnership
>
>/s/ *Calvert G. Chipchase*
>CALVERT G. CHIPCHASE
>AMANDA M. JONES
>MALLORY T. MARTIN
>Attorneys for Defendants
>THYSSENKRUPP ELEVATOR
>CORPORATION and JOSHUA
>JENSEN